UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW M. BIS,

    Plaintiff,                                  CASE NUMBER: 14-cv-11530
                                                 HON. VICTORIA A. ROBERTS

v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

Matthew M. Bis ("Bis") appeals the final decision of Defendant Acting Commissioner of Social Security (the "Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). The parties filed cross motions for summary judgment which the Court referred to Magistrate Judge Elizabeth A. Stafford.

In a Report and Recommendation ("R&R") dated March 25, 2015, Magistrate Judge Stafford recommended the Commissioner's Motion for Summary Judgment be granted and Bis's Motion for Summary Judgment be denied. Magistrate Judge Stafford found the Commissioner's decision legally sound and supported by substantial evidence of record.

1

Bis says the Court should: reject Magistrate Judge Stafford's R&R; reverse and vacate the Commissioner's final decision; and, remand to the Commissioner for a proper evaluation of the medical records and testimony, and for calculation and payment of benefits pursuant to Title II and XVI of the Act. Bis says Magistrate Judge Stafford erred by: (1) finding the ALJ's decision is supported by substantial evidence; (2) relying upon the ALJ's evaluation of Bis's credibility; (3) ignoring medical evidence showing disability; (4) and, finding in favor of the ALJ's conclusions. The Commissioner responded that Bis raised no new substantive arguments in his objection to Magistrate Judge Stafford's R&R.

The Court: (1) **ADOPTS** Magistrate Judge Stafford's R&R; (2) **GRANTS** the Commissioner's Motion for Summary Judgment; and, (3) **DENIES** Bis's Motion for Summary Judgment.

## II.     Framework for Disability Determinations

Under 42 U.S.C. § 423, a wage earner suffering from a disability is entitled to disability benefits. The act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The claimant bears the burden to prove entitlement to benefits. *Dice v. Comm'r of Soc. Sec.*, No. 12-CV-11784, 2013 WL 2155528, at *6 (E.D. Mich. Apr. 19, 2013). To determine if a person is disabled and eligible for benefits, the Commissioner uses a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

>Step Two: If the claimant does not have a severe impairment or combination of impairments, that significantly limits . . . physical or mental ability to do basic work activities, benefits are denied without further analysis.
>
>Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
>Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
>Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Id.* (citing 20 C.F.R. § 404.1520).

For the first four steps, the claimant bears the burden to prove the severity of impairment and that it precludes the performance of work. *Spreeman v. Comm'r of Soc. Sec.*, No. 12-12641, 2013 WL 5212023, at *2 (E.D. Mich. Sept. 16, 2013). At the fifth step, the burden shifts to the Commissioner to show that other jobs exist in the national economy that the claimant is qualified to perform despite impairment. *Id.* To meet this burden, the Commissioner's decision must be supported by substantial evidence. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

### III. Standards of Review

#### A. Reviewing Report and Recommendation

The district court must conduct a *de novo* review of those portions of the report and recommendation to which an objection has been made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the

3

recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1)(C). After completing a *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

### B. Substantial Evidence

A person may seek judicial review of any final decision of the Commissioner of Social Security; however, the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could also support the opposite conclusion. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). And, if the Commissioner's decision is supported by substantial evidence, it must stand, regardless of whether the court would resolve the disputed facts differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

"In determining whether the Secretary's factual findings are supported by substantial evidence, a court must examine the evidence in the record taken as a whole, and take into account whatever in the record fairly detracts from its weight." *Id*. (citations omitted). Thus, in reviewing the Commissioner's decision, the court may

consider only the record that was before the ALJ, and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id.*

### III. Analysis

#### A. Administrative Record

The ALJ sufficiently summarizes the administrative record and relevant medical records. The ALJ's summary is incorporated by reference here. The Court relies on additional facts and history where noted.

#### B. ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Bis's claim and denied benefits at step five. The ALJ found "Bis's mental impairments caused him moderate limitations in his activities of daily living, moderate limitations in social functioning and moderate limitations in his ability to maintain concentration, persistence and pace, with no episodes of decompensation." (Tr. 28). The ALJ found Bis "capable of a limited range of light work," (Tr. 29) and concluded "there were a significant number of other jobs in the national economy that Bis could still perform, given his age, education, vocational background and [residual functional capacity ("RFC")]." (Tr. 37-38).

#### C. Credibility Assessment

Bis says the ALJ did not adequately address Bis's credibility.

A credibility determination must find support in the record and cannot be based solely on the ALJ's intangible or intuitive notions about an individual's credibility. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). Whenever complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must consider and scrutinize the entire case record. The

case record includes medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physician and others, as well as any other relevant evidence in the record. *Id.* Other relevant evidence can include "prior work record and efforts to work, daily activities, and other information concerning the individual's symptoms and how the symptoms affect the individual's ability to work." Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *5. "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect." *Rogers* 486 F.3d at 248.

Bis says "the ALJ failed to follow SSA rules and regulations when evaluating [his] credibility concerning his need for breaks throughout the day, and his need to nap. (Doc. 16). The record shows otherwise.

"The ALJ found Bis only partially credible, and no treating or other provider corroborated that Bis needed to frequently lie down or take breaks." (Tr. 702-708; 710; 720-22). Further, an ALJ is not required to discuss every piece of record evidence, and is not required to rely upon assumptions that he does not find completely credible. *Kornecky v. Comm'r of Soc. Sec.,* 167 F. App'x 496, 508 (6th Cir. 2006).

On January 13, 2012, HCC Evaluations, LLC, conducted a consultative psychological examination of Bis. (Tr. 699-701). Bis complained of auditory hallucinations, anxiety, paranoia, and attention and concentration issues. The evaluators diagnosed him with "possible" bipolar disorder with psychotic features, panic disorder, "possible" attention deficit disorder, and a history of polysubstance dependence in remission. (Tr. 700-01).

6

The examination noted:

> [B]is may be telling the truth about hearing voices and feeling paranoid. However, his prison records indicate that he was given a mental status exam by a psychologist who only found that he has anxiety problems. He was drug seeking."

(Tr. 701).

The Court finds there was substantial evidence in the ALJ's determination that Bis lacked credibility.

### D. Medical Evidence of Disability

Bis claims the ALJ ignored medical evidence showing disability. However, the Court agrees with Magistrate Judge Stafford:

> [T]he ALJ thoroughly examined the record evidence, discussed Bis's abilities as they were supported by both his subjective reports and the objective medical evidence, resolved conflicts between the two, and issued an RFC that thoroughly outlined his physical and mental limitations.

(Doc. 15).

Bis also says the ALJ discounted his treating physician's diagnosis because it followed a single examination. However, even if true, the ALJ was not required to consider this person's evaluation. Ms. Cother Abdo ("Abdo"), the person Bis relies on for his medical diagnosis, is not considered a "treating physician" and she provided no "medical opinion."

A treating physician is "your own physician, psychologist, or other acceptable medical sources who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 416.902. Acceptable medical sources include licensed doctors and psychologists, but not nurse practitioners, physician assistants or therapists. 20 C.F.R.

7

§ 404.1513(a)(1-4); (d)(1). Abdo is not the type of licensed medical provider outlined in the regulations. (Tr. 712).

The Court finds no error in the ALJ evaluation of medical evidence or its preclusion of Abdo as a "treating physician" under the regulations.

## IV.     Conclusion

The ALJ's decision is supported by substantial evidence. The ALJ cites to medical reports and the record, noting examples that call into question Bis's credibility. Further, the ALJ did not err in limiting evidence based on credibility and in excluding Aldo's findings.

For these reasons the Court: (1) **ADOPTS** Magistrate Judge Stafford's R&R; (2) **GRANTS** the Commissioner's Motion for Summary Judgment; and, (3) **DENIES** Bis's Motion for Summary Judgment.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  April 21, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 21, 2015.
>
> s/Linda Vertriest  
> Deputy Clerk